**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Herman FAULKNER, Defendant–
Appellant.**

No. 95–1304.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1995.

Decided Feb. 5, 1996.

Mark A. Boatman, argued, St. Louis, Missouri, for appellant.

Richard Lee Poehling, Asst. U.S. Attorney, argued, St. Louis, Missouri (Patrick J. Madigan, Intern/Law Student, on the brief), for appellee.

Before McMILLIAN, FLOYD R. GIBSON and LOKEN, Circuit Judges.

PER CURIAM.

On May 5, 1993, federal agents executed a warrant to search a St. Louis house and discovered cocaine, cocaine base, and defendant Herman Faulkner hiding in the basement. Agents took Faulkner to a first floor bedroom and advised him of his rights. Faulkner said he would like to cooperate and began answering questions but then asked to leave the house because a crowd was gathering outside and might suspect him of cooperating with the police. The agents took Faulkner, unrestrained, to one of their vehicles and drove away. During the car ride, Faulkner confessed, and he led the agents to the residence of a drug distributor and to a house where drug money might be hidden. The group then went to the agents' office, where Faulkner was again advised of his rights, signed a written waiver, and made additional incriminating statements.

One year later, Faulkner was indicted for possession with intent to distribute a controlled substance. He now appeals his conviction after a trial at which the district court[1] admitted the above-described incriminating statements.

On appeal, Faulkner argues that his incriminating statements should have been suppressed as involuntary because his will was overborne by fear of the crowd outside his home and by the agents' "implied promises of leniency and protection." He contends the agents arranged to "secretly whisk him away" in their vehicle "to get him to continue talking," the same kind of protection-for-cooperation conditions that were held to be coercive during the questioning of inmates in *Arizona v. Fulminante,* 499 U.S. 279, 285–87, 111 S.Ct. 1246, 1252, 113 L.Ed.2d 302 (1991), and *Payne v. Arkansas,* 356 U.S. 560, 564–67, 78 S.Ct. 844, 848–50, 2 L.Ed.2d 975 (1958). We disagree. Faulkner was questioned in his home, in circumstances that might well have justified his arrest, but prior to a formal arrest. Faulkner agreed to cooperate but requested a less visible locale. The agents accommodated that request without, the magistrate found, placing Faulkner under any physical restraint. Therefore, the circumstances surrounding Faulkner's incriminating statements lacked that element of coercive police activity that is essential to proving that a confession was involuntary. *See Colorado v. Connelly,* 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986); *Jenner v. Smith,* 982 F.2d 329, 333–34 (8th Cir.), *cert. denied,* ––– U.S. –––, 114 S.Ct. 81, 126 L.Ed.2d 49 (1993).

The judgment of the district court is affirmed.

---

1. The HONORABLE JEAN C. HAMILTON, Chief Judge of the United States District Court for the Eastern District of Missouri, who accepted the recommendation of the HONORABLE TERRY I. ADELMAN, United States Magistrate Judge for the Eastern District of Missouri, that Faulkner's motion to suppress be denied.